UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRIAN SCOTT HILL, # 401252,          )
                                     )
          Plaintiff,                 )   Case No. 1:16-cv-446
                                     )
v.                                   )   Honorable Paul L. Maloney
                                     )
KIRK BUSSELL, et al.,                )
                                     )
          Defendants.                )
_____      )

**REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro se* by a former state prisoner under 42 U.S.C. § 1983.  Plaintiff's complaint arises out of conditions of his confinement at the Carson City Correctional Facility.  The defendants are Mailroom Clerk Kirk Bussell, Resident Unit Managers Cheryl Miller and Joseph Niemiec, and Assistant Resident Supervisors Christopher McQueary and Chad Williams.  Plaintiff alleges that defendants violated his First Amendment rights by denying him the right to receive a number of books regarding advanced computer programming and web design.  Plaintiff sues defendants in their individual capacities and seeks declaratory relief and damages.[1]

The matter is before the Court on defendants' motion for summary judgment based on the affirmative defense of failure to exhaust administrative remedies, as

---

[1] All other claims have been dismissed.  (ECF No. 4, 5).

required by 42 U.S.C. § 1997e(a).  (ECF No. 30).  This motion is the re-filing of an earlier motion, this time in compliance with Local Civil Rule 7.1(d).  On March 9, 2017, the Court entered an order (ECF No. 33) advising plaintiff that his response to the earlier motion (ECF No. 18, 19, 20) would be considered as his response to this motion.  The order also gave plaintiff an opportunity to supplement his response on or before March 24, 2017.  (ECF No. 33 at PageID.382).  Plaintiff elected not to supplement his response.

For the reasons set forth herein, I recommend that plaintiff's claims based on the rejection of books that were not from approved vendors be dismissed with prejudice for failure to state a claim.[2]  I recommend that defendants' motion for summary judgment be denied.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016).  The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir.

---

[2] This recommendation is made pursuant to the statutory authority provided by 28 U.S.C. §§ 1915A, 1915(e)(2).  On all claims where dismissal is recommended, consideration is expressly restricted to plaintiff's complaint and the exhibits attached thereto.  *See* FED. R. CIV. P. 10(c).

2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001, 2017 WL 384874, at * 4 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional*

*Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### Standards Applicable to the Affirmative Defense
### of Failure to Exhaust Remedies

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle,* 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendant to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed"

complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.³ In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

---

³A copy of the policy directive is found in the record. *See* ECF No. 31-2, PageID.345-51.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

## **Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff is currently a resident of Wyoming, Michigan. During all times relevant to his complaint, he was an inmate at the Carson City Correctional Facility (DRF).[4] (Compl. ¶ 4, ECF No. 1, PageID.9).

---

[4] Plaintiff's complaint is verified under penalty of perjury. (Compl., ECF No. 1, PageID.50). It is considered as an affidavit in opposition to defendants' motion for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008). "Verified" arguments and legal conclusions are not evidence, however. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys., Inc.*, 357 F. App'x 656, 662 (6th Cir. 2009); *see also Stine v. State Farm Fire & Cas. Co.*, 428 F. App'x 549, 550 (6th Cir. 2011) (A "conclusory affidavit bypasses the specific-facts requirement of Federal Rule of Civil Procedure 56 necessary to forestalling summary judgment.").

A.  Rejection of *Sergey's HTML5 & CSS3 Quick Reference* and *HTML5 Pocket Reference*

On June 26, 2014, Mailroom Clerk Kirk Bussell issued Notice of Package/Mail Rejection REJ 6-176 regarding two books purchased from Amazon.com. The Notice indicated that the books were considered a threat to prison security. Plaintiff requested a hearing. (ECF No. 1-1, PageID.54, 56; Compl. ¶ 28, ECF. No. 1, PageID.12).

On June 27, 2014, plaintiff asked Assistant Resident Unit Supervisor (ARUS) Christopher McQueary to rescind the rejection and have the Notice sent back to the mail room for correction. ARUS McQueary declined to take the actions requested and refused to give plaintiff the books. (Compl. ¶¶31-37, ECF No. 1, PageID.12-13).

On August 14, 2014, Resident Unit Manager (RUM) Cheryl Miller acted as the hearing officer regarding Notice of Package/Mail Rejection REJ 6-176. Ms. Miller found that the two books posed a threat to prison security and upheld the rejection. Two other books were already on the MDOC's restricted publication list because they contained HTML/building websites information. Ms. Miller found that the two books at issue, *Sergey's HTML5 & CSS3 Quick Reference* and *HTML5 Pocket Reference*, violated P.D. 05.03.118 because they posed a threat to the security of the facility. Both books stated that they were intended to be guides for the professional design of websites. (ECF No. 1-1, PageID.76; Compl. ¶¶37-60, ECF No. 1, PageID.13-17).

On September 4, 2014, DRF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. DRF-2014-09-1918-15A. (ECF No. 1-1, PageID.78-80; ECF No. 31-3, PageID.359). In this grievance, plaintiff complained

that the rejection of the books by Mr. Bussell had been arbitrary, that ARUS McQueary originally reviewed the issue with plaintiff and upheld the rejection, and that RUM Miller conducted the hearing and upheld the rejection of the two books. Plaintiff's grievance was denied at Step I. (ECF No. 1-1, PageID.84; Compl. ¶¶ 61-75, ECF No. 1, PageID.17-19; ECF No. 31-1, PageID.360). Plaintiff pursued an appeal to Step II. (ECF No. 1-1, PageID.96-98; Compl. ¶76, ECF No. 1, PageID.19-20). Plaintiff's appeal was denied at Step II. The warden's Step II response noted: "There are two other books already on the restricted list that contain the same information as the ones sent to you. These books instruct how to build websites for businesses and/or profit. I agree with the rejection and thusly deny your Step II appeal." (ECF No. 1-1, PageID.102; Comp.¶¶78-85, ECF No. 1, PageID.20-21). Plaintiff pursued an appeal to Step III. The Step II decision was upheld at Step III. (ECF No. 1-1, PageID.104-14; Compl. ¶¶ 86-88, ECF No. 1, PageID.21; ECF No. 31-3, PageID.356).

      B.    <u>Rejection of a Book from JVG Books</u>

On March 26, 2015, Mailroom Clerk Bussell issued Notice of Package/Mail Rejection REJ 3-085 regarding a book from JVG Books. The Notice indicated that the book was being rejected because it was not from an approved vendor. (ECF No. 1-1, PageID.121).

On March 27, 2015, plaintiff met with ARUS Chad Williams. Plaintiff "conceded that the reason for [this] rejection was valid, therefore challenging said rejection, REJ3-085, would serve no purpose." (Compl. ¶¶90-94, ECF No. 1,

PageID.22).

C. Rejection of a Book from Fatbrain

On April 2, 2015, Mailroom Clerk Bussell issued Notice of Package/Mail Rejection REJ 3-146 regarding a book from Fatbrain. The Notice indicated that the book was being rejected because it was not from an approved vendor. (ECF No. 1-1, PageID.125; Compl. ¶¶ 96-97, ECF No. 1, PageID.22).

On May 4, 2015, plaintiff met with ARUS Williams. Plaintiff "conceded that the reason for the rejection was valid, therefore, challenging this rejection would serve no purpose." (Compl. ¶¶98-103, ECF No. 1, PageID.22-23).

D. Rejection of *Mysol Cookbook-Solutions for Database Developers and Administrators*

On May 19, 2015, Mailroom Clerk Bussell issued Notice of Package/Mail Rejection REJ 5-081 regarding *Mysol Cookbook-Solutions for Database Developers and Administrators*. The Notice indicated that the book was being rejected because it was a threat to prison security. (ECF No. 1-1, PageID.127; Compl. ¶¶104-08, ECF No. 1, PageID.23-24).

On June 3, 2015, plaintiff met with RUM Joseph Niemiec. He was not persuaded by plaintiff's arguments that Notice of Package/Mail Rejection REJ 5-081 was defective and he refused to give plaintiff the book. (Compl. ¶¶114-18, ECF No. 1, PageID.25).

On June 5, 2015, DRF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. DRF-2015-06-1443-15A. In this grievance, plaintiff complained that Notice of Package/Mail Rejection REJ 5-081 was defective

and that RUM Niemiec told him that he could present his arguments at the hearing. (ECF No. 1-1, PageID.131; Compl. ¶¶120-21, ECF No. 1, PageID.26). The grievance was rejected at Step I as "non-grievable." (ECF No. 1-1, PageID.131). Plaintiff made a written request asking the grievance coordinator for Step II and III appeal forms, but received no response. (Plf. Decl. ¶ 7, ECF No. 20, PageID.300).

On June 16, 2015, Assistant Resident Supervisor (ARUS) Chad Williams conducted a hearing on Notice of Package/Mail Rejection REJ 5-081. He upheld the rejection of this book as a threat to prison security:

> SQL (Structured Query Language) is a special-purpose programming language designed for managing data held in a relational database management system (RDBMS). One major emphasis of this book is how to use SQL to formulate queries for particular kinds of questions, using mysql client program included in MySQL distributions. The other major emphasis is how to write programs that interact with the MySQL server through an API. There are also examples using several language APIs in multiple scenarios and situations, including the use of Ruby to retrieve and format data.
>
> A prisoner having access to this sort of computer information (programming, data retrieval, and data formatting) is essentially the Webster definition of "threat to security of the facility".

(ECF No. 1-1, PageID.139).

On July 13, 2015, DRF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. DRF-2015-07-1759-07Z (ECF No. 1-1, PageID.153). This was a grievance against ARUS Williams asserting that plaintiff had not been present at the hearing on Notice of Package/Mail Rejection REJ 5-081 and that the hearing report to the contrary was a lie. (*Id.*). Plaintiff's grievance was denied at Step I. The Step I response indicated that plaintiff "was present at the onset of the hearing but left during the hearing process on his own accord." (*Id.*).

-11-

Plaintiff was an inmate at the Cooper Street Correctional Facility on May 2, 2016, when he filed this lawsuit. (Compl. ¶ 4, ECF No. 1, PageID.9).

## Discussion

### I. Rejections of Books that were not from an Approved Vendor

The books that were sent to plaintiff from JVG Books[5] and Fatbrain were not from an approved vendor. "It is well established that prison officials may limit prisoner's receipt of publications to authorized vendors." *Percival v. McGinnis*, 24 F. App'x 243, 247 (6th Cir. 2001) (citing *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 103-04 (6th Cir. 1991) and *Ward v. Washtenaw County Sheriff's Dep't*, 881 F.2d 325, 329-30 (6th Cir. 1989)). Plaintiff conceded in his pleading that this was a valid reason to reject these books. (Compl. ¶¶ 94, 103, ECF No. 1, PageID.22, 23). Plaintiff has not alleged a viable First Amendment claim against any defendant based on the rejection of the books from JVG Books and Fatbrain. Accordingly, I recommend that all plaintiff's claims against defendants based on the rejection of the books from non-approved vendors be dismissed with prejudice for failure to state a claim pursuant to the statutory authority provided by 28 U.S.C. §§ 1915A, 1915(e)(2).

### II. Exhaustion

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted

---

[5] Plaintiff's only First Amendment claim against defendant Williams (Count XXI, Compl. ¶ 201, ECF No. 1, PageID.43) is based on the rejection of the book from unauthorized vendor JVG Books.

claim may be considered." *Jones v. Bock*, 549 U.S. at 220.

Plaintiff claims that defendants Bussell, McQueary, and Miller violated his First Amendment rights in the rejection of *Sergey's HTML5 & CSS3 Quick Reference* and *HTML5 Pocket Reference*. (Counts I, III, V, Compl. ¶¶ 181, 183, 185, ECF No. 1, PageID.36-38). Defendants argue that Grievance No. DRF-2014-09-1918-15A (ECF No. 1-1, PageID.78-80) named defendant Bussell, but "[n]owhere in the 'state the problem clearly' section of his Step I grievance does [plaintiff] name RUM Miller or Niemiec or ARUS McQueary or Williams despite the requirement that the names of all those involved were to be included." (Defendants' Brief at 6, ECF No. 31, PageID.341).

This argument is decidedly unpersuasive. Defendants Bussell, McQueary, and Miller are all plainly named on the face of plaintiff's grievance, and he pursued his grievance through a Step III decision. (ECF No. 1-1, PageID.78-84, 102-07, ECF No. 30-3, PageID.356-66). Plaintiff did not allege any claim against defendants Niemiec or Williams based on the rejection of the above referenced books.

Plaintiff's First Amendment claim based on the rejection of *Mysol Cookbook-Solutions for Database Developers and Administrators* is against defendant Niemiec. (Count XXIII, Complaint ¶ 203, ECF No. 1, PageID.44). Defendants' brief (ECF No. 31) contains no developed argument regarding this claim. Accordingly, defendant Niemiec has not carried his burden on the affirmative defense.

Defendants have not carried their burden under 42 U.S.C. § 1997e(a) and their motion for summary judgment should be denied.

## Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's claims based on the rejection of books that were not from approved vendors be dismissed with prejudice with prejudice for failure to state a claim pursuant to the statutory authority provided by 28 U.S.C. §§ 1915A, 1915(e)(2). I recommend that defendants' motion for summary judgment based on the affirmative defense (ECF No. 30) be denied.

If this report and recommendation is adopted in its entirety, plaintiff's remaining claims will be his First Amendment claims against defendants Bussell, McQueary, and Miller based on the rejection of *Sergey's HTML5 & CSS3 Quick Reference* and *HTML5 Pocket Reference*, and plaintiff's First Amendment claim against defendant Niemiec based on the rejection of *Mysol Cookbook-Solutions for Database Developers and Administrators*.

Dated:   January 18, 2018        /s/  Phillip J. Green
                                 PHILLIP J. GREEN
                                 United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).